UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OMAR SHAHEED, | ) | 1:09-cv—01276-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S MOTION |
| | ) | FOR A MORE DEFINITE STATEMENT |
| | ) | (Doc. 12) |
| v. | ) | |
| | ) | ORDER DENYING RESPONDENT'S MOTION |
| JAMES D. HARTLEY, | ) | FOR A STAY PENDING ISSUANCE OF |
| | ) | THE MANDATE IN HAYWARD V. |
| Respondent. | ) | MARSHALL (Doc. 12) |
| | ) | |
| | ) | ORDER DIRECTING RESPONDENT TO |
| | | FILE A RESPONSE TO THE PETITION |
| | | WITHIN SIXTY (60) DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. The Court directed Respondent to file a response to the petition on November 10, 2009. Pending before the Court are Respondent's motions, filed on January 8, 2010, for a more definite statement and for a stay of the proceedings pending the issuance of the mandate in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). Petitioner filed a response on February 26, 2010.

1

I.   <u>Motion for More Definite Statement</u>

Respondent moves for a more definite statement because Petitioner has failed to include any relevant facts to support four "vague" (mot. 2:11) grounds for relief; Respondent asserts that he cannot provide a meaningful answer.

In the petition, Petitioner alleges that on January 17, 1983, he was convicted of second degree murder and attempted murder with great bodily injury and use of a firearm; he was sentenced to twenty-eight (28) years to life. (Pet. 1.)  He challenges the decision of the California Board of Parole Hearings (BPH) made on July 1, 2008, denying Petitioner parole for the third time.  (Pet. 2.)  Petitioner alleges that the denial was based on the commitment offense and its being especially heinous, as well as Petitioner's criminal history. (Pet. 2-3.)  Petitioner argues that factors concerning the offense and Petitioner's criminal history were inapplicable, false and/or unsupported by any evidence, and irrelevant to Petitioner's current parole risk.  (Pet. 2-3.)  Further, the historical facts relied upon to deny parole were immutable, and a psychological evaluation was invalid.  (Pet. 3, 4.)  Petitioner argues that he has met the requirements for suitability for parole.  (Pet. 4.)  Petitioner argues that denial of parole on the specified grounds was arbitrary and a denial of due process of law guaranteed to Petitioner under the Fourteenth Amendment. (Pet. 3.)

Attached to the petition are orders issued by state courts concerning Petitioner's claim as Petitioner exhausted his state court remedies.  (Pet. 8-16.)  An order from the Superior Court

2

of the State of California for the County of Los Angeles dated December 10, 2008, details the circumstances of the commitment offenses. Petitioner shot one man in the head and killed him, and in the same transaction Petitioner shot another in the back and leg, paralyzing him. (Id. 9-10.) The BPH denied parole based on an unreasonable risk of danger to society and a threat to public safety based on Petitioner's commitment offense and a psychological evaluation that reflected that Petitioner had an antisocial personality disorder, ranked in the high range for risk of future violence, and was either minimizing or lying about his role in the crime and thus lacked understanding and remorse. (Id. 10-12.)

When stating his "grounds" (meeting the suitability requirements, invalid psychological evaluation, parole plans, and the need for good cause for a parole decision), Petitioner referred to supporting exhibits "where state remedies were exhausted" and to a memorandum of points and authorities. (Pet. 4-5.) There does not appear to be a separate memorandum attached to the petition, but the state trial court's order on Petitioner's habeas petition does contain a discussion of the state law pertinent to use of the commitment offense as a basis for inferring a risk to public safety and denying parole, including evaluating the motive for the crime and considering its heinous nature and results. (Pet. 10-11.) It also discusses the authorities pertinent to consideration of psychological factors of remorse and insight into responsibility for the offense. (Id. at 11-12.) Petitioner's reference to exhibits was sufficient to round out his contentions.

3

The Court notes that in response to the motion for a more definite statement, Petitioner filed a twenty-six (26) page response in which he detailed his legal arguments and made references to the facts that it appears will be found in the record to be provided by Respondent with the response. (Doc. 13.)

The Court concludes that the decision challenged by Petitioner, the pertinent facts underlying the decision, and the Petitioner's due process challenge to the BPH's denial of parole are sufficiently set forth to permit Respondent to file a response to the petition. Petitioner clarifies that the references in the petition are to exhibits and memoranda attached to the petitions submitted to the state courts. The Court understands that Respondent has access to those documents as well as to the record of the administrative proceedings undertaken in the course of denying Petitioner's application for parole. Further, it is anticipated that when Respondent does file a response to the petition, Respondent will provide the pertinent record. Finally, Petitioner's response to Respondent's motion sets forth great detail with respect to Petitioner's legal arguments. It appears to the Court that Petitioner has set forth sufficient matter to permit an intelligent response.

Accordingly, the motion for a more definite statement is DENIED.

II.   Respondent's Motion for a Stay

Respondent moved for a stay of the proceedings because it was possible that a decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) would determine that this Court lacks

jurisdiction over the petition.

The Court notes that after rehearing en banc, the court decided Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) on April 22, 2010. The Court takes judicial notice of the docket of Hayward v. Marshall, no. 06-55392, in the United States Court of Appeals for the Ninth Circuit.[1] The Court notes that the mandate issued on June 10, 2010. (Doc. 121.) Further, the decision does not appear to be inconsistent with this Court's having jurisdiction over the instant petition.

Accordingly, Respondent's motion for a stay is DENIED as moot.

III. Order to Respondent to File a Response to the Petition

On November 10, 2009, the Court directed Respondent to file a response to the petition and set a briefing schedule. (Doc. 5.) All the terms of that order remain in effect, and Respondent is DIRECTED to file a response to the petition in accordance with the Court's order of November 10, 2009, no later than sixty (60) days after the date of service of this order.

IT IS SO ORDERED.

**Dated:    July 9, 2010**                      /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).