# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SHAHEED, | 1:09-CV-1276 LJO-JMD (HC) |
|     Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1) |
| v. | ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |
| JAMES D. HARTLEY, | ORDER DENYING A CERTIFICATE OF APPEALABILITY |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 22, 2009. See Doc. No. 1. Petitioner challenges the California Board of Parole Hearings's July 1, 2008 decision finding him unsuitable for release. Petitioner claims the California courts unreasonably determined that there was "some evidence" he posed a current risk of danger to the public if released. Respondent filed an answer to the petition on September 10, 2010 , and Petitioner filed a traverse on October 6, 2010.

In Cooke v. Solis, 606 F.3d 1206, 1213 (2010), the Ninth Circuit reaffirmed its determination that California's parole statute created a liberty interested protected by the Due Process Clause and that a parole denial must be supported by "some evidence." The Ninth Circuit had previously instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Pearson v. Muntz, 606 F.3d 606, 608 (9th Cir. 2010).

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, ___ U.S.___, ___ S. Ct. ___, 2011 WL 197627 (Jan. 24, 2011) and reversed Cooke and

abrogated Pearson.  The Supreme Court held that the state created liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met, and the "minimum procedures adequate for due process protection of that interest are those set forth in [Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)]."  Id.  Pursuant to the Supreme Court's holding in Swarthout, a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied."  Id. at *2 (citing Greenholtz, 442 U.S. at 16).

     Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision.  See Respondent's Answer Exh. 1.  "The Constitution does not require more [process]."  Greenholtz, 442 U.S. at 16.  Therefore, the instant petition does not present cognizable claims for relief under the Anti-terrorism and Effective Death Penalty Act of 1996, which only permits federal district courts to grant relief for violations of clearly established federal law as stated in the decisions of the United States Supreme Court.

     Certificate of Appealability

     A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;
2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 2, 2011             /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE